1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| AAA NORTHERN CALIFORNIA, NEVADA & UTAH INSURANCE EXCHANGE, <br><br> Plaintiff, <br><br> vs. <br><br> AUDELINO MELGAR, ET. AL <br><br> Defendants. <br><br> AND RELATED CROSS-ACTIONS | Case No: 1:13-cv-00562-AWI-MJS <br><br> **ORDER GRANTING INTERPLEADER AND DISCHARGE** |

The Court, having considered the Stipulation for Interpleader and Discharge entered into between Cross-Defendant CENTRAL MORTGAGE COMPANY ("CMC"), Defendant and Cross-Complainant FEDERAL NATIONAL MORTGAGE ASSOCIATION ("Fannie Mae"), Defendants and Cross-Defendants AUDELINO MELGAR and BERTILA MELGAR (collectively referred to as the "Melgars"), and Plaintiff CSAA Insurance Exchange, formerly known as AAA Northern California, Nevada & Utah ("CSAA IE") (hereinafter collectively referred to as the "Parties"), and for good cause appearing, orders as follows:

1.     CSAA IE shall deposit a check in the amount of Five Hundred, Forty-Seven Thousand, Five Hundred Dollars and No Cents ($547,500.00) with the Clerk of the Court ("Interpled Funds"), within five (5) court days of this Order;

2.     Upon the deposit of the Interpled Funds, CSAA IE has satisfied any obligation owed in connection with insurance claims arising out of those certain fire losses occurring on November 21, 2009 (collectively "Claim"), which claims have been asserted or are capable of being asserted under that certain policy of insurance issued by CSAA IE, policy number HO-HU3253-7 ("Policy"), insuring property and property interests associated with that certain real and personal property located at 23111 Avenue 18, Madera, California, and subject to the requirements of the law and the Policy.

3.     Upon deposit of the Interpled Funds, CSAA IE is discharged from all liability to CMC, Fannie Mae and the Melgars, or any of them, arising out of or related to the Claim and Policy.

4.     Upon deposit of the Interpled Funds, CSAA IE shall be dismissed from this action, with prejudice, and no costs, fees, expenses, or damages may be obtained by or against CSAA IE and its adjusters, employees, attorneys, and/or assigns  for any litigation or other activity occurring in connection with this action, Claim, Policy or Interpled Funds.

5.     Upon deposit of the Interpled Funds, CMC, Fannie Mae and the Melgars are restrained and enjoined from taking any action or commencing any proceeding against CSAA IE and its adjusters, employees, attorneys, and/or assigns, in relation to the Claim and Policy, including but not limited to CSAA IE's investigation, adjustment, settlement and disbursement of funds.

6.     Upon deposit of the Interpled Funds, CSAA IE and its adjusters, employees, attorneys, and/or assigns are enjoined from taking any affirmative action or commencing any affirmative proceeding against any of the Parties, their adjusters, employees, agents, attorneys, or successors and/or insurance companies in privity

ORDER GRANTING INTERPLEADER AND DISCHARGE

with them, in relation to the Claim, Policy and Interpled Funds, including but not limited to, any claim for CSAA IE's attorney fees and costs.

7.    Neither Fannie Mae, CMC, nor the Melgars are waiving their rights to assert claims to the entire amount of Interpled Funds.

IT IS SO ORDERED.

Dated:   February 24, 2014          /s/ *Michael J. Seng*
                                    UNITED STATES MAGISTRATE JUDGE

ORDER GRANTING INTERPLEADER AND DISCHARGE