UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AAA NORTHERN CALIFORNIA, NEVADA & UTAH INSURANCE EXCHANGE,<br><br>            Plaintiff,<br><br>    v.<br><br>AUDELINO MELGAR, ET AL.,<br><br>            Defendants.<br>_____<br><br>AND RELATED CROSS-ACTIONS | CASE NO. 1:13-cv-00562-AWI-MJS<br><br>**ORDER GRANTING MOTION FOR LEAVE TO FILE FIRST AMENDED CROSS-COMPLAINT**<br><br>**(ECF NO. 46)**<br><br>**FIRST AMENDED CROSS-COMPLAINT DUE WITHIN TEN (10) DAYS** |

**I.     INTRODUCTION**

Before this Court is a motion for leave to file a first amended cross-complaint by Defendant, Cross-Defendant and Cross-Complainant Federal National Mortgage Association ("FNMA") and Cross-Defendant Central Mortgage Company ("CMC") ("Cross-Complainants"). (Mot., ECF No. 46.) Cross-Complainants seek to add a claim for loan origination fraud against Defendants Audelino Melgar and Bertila Melgar. (Mot. at 2.) This claim is based upon newly discovered facts obtained during the February 27,

2014 and February 28, 2014 deposition of Mr. Melgar. (Mot. at 3.) Specifically, Mr. Melgar testified that his annual income for the year 2007 was between $100,000 and $200,000, but stated in his loan application that his annual income for 2007 was $318,975. (Mot. at 3.)

## II.     LEGAL STANDARD

The decision to grant or deny leave to amend pleadings is within the trial court's discretion. Swanson v. U.S. Forest Serv., 87 F.3d 339, 343 (9th Cir. 1996); United States v. Cnty. of San Diego, 53 F.3d 965, 969 n.6 (9th Cir. 1995).

A party seeking leave to amend pleadings after the deadline specified in the Court's scheduling order must first satisfy Federal Rule of Civil Procedure 16(b)'s "good cause" standard. Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 608-09 (9th Cir. 1992). This standard focuses primarily on the diligence of the party seeking the amendment. Id. at 609. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." Id. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification." Id.

If good cause is shown, then the moving party must demonstrate that amendment is proper under Federal Rule of Civil Procedure 15. Cf. id. at 608 (citing approvingly to Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987)). Under Rule 15(a)(2), the court should freely give leave to amend a pleading "when justice so requires." The Court should apply this policy "with extreme liberality." Owens v. Kaiser Found. Health Plan, Inc., 244 F.3d 708, 712 (9th Cir. 2001) (quoting Morongo Band of Mission Indians v. Rose, 893 F. 2d 1074, 1079 (9th Cir. 1990)). "If the underlying facts or circumstances

2

relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." Forman v. Davis, 371 U.S. 178, 182 (1962).

However, a district court may deny leave to amend where there is "'any apparent or declared reason' for doing so, including undue delay, undue prejudice to the opposing party or futility of the amendment." Lockman Found. v. Evangelical Alliance Mission, 930 F.2d 764, 772 (9th Cir. 1991) (quoting Forman, 371 U.S. at 182). These factors are not to be given equal weight. Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003). Prejudice to the opposing party must be given the greatest weight. Id. "Absent prejudice, or a strong showing of any of the remaining Forman factors, there exists a presumption under Rule 15(a) in favor of granting leave to amend." Id.

### III. ANALYSIS

Cross-Complainants argue that leave to amend is proper under Rule 15(a)(2) and that little or no actual prejudice will result from their proposed amendment. (Mot. at 3-5.) Cross-Complainants anticipate only a "very short" extension of the discovery cut-off and "no significant continuance" of the October 21, 2014 trial date. (Mot. at 5.) Additionally, Cross-Complainants point out that their request is based on newly discovered evidence, the conduct at issue is significant, and their motion was filed within a short time of discovering the facts relevant to their claim. (Mot. at 5.)

Defendants argue that Cross-Complainants have not demonstrated "good cause" as required under the Court's scheduling order and Rule 16. (Opp'n, ECF 56.) Defendants also argue that Cross-Complainants' nearly two month delay in seeking

leave to amend was "intentional and deliberate." (Opp'n at 5.) Finally, Defendants argue that the proposed claim is not factually supported and is time barred.[1] (Opp'n at 5-8.)

### A.     Good Cause under Rule 16

This Court issued a scheduling order on October 18, 2013, which stated, "No motions to amend the Pleadings are anticipated. None will be permitted except for good cause shown." (ECF. No. 22 at 2.) Accordingly, Cross-Complainants' motion is subject to the "good cause" standard set out in Rule 16(b).

Cross-Complainants do not argue good cause, nor do they seek to modify the Court's scheduling order. A court may deny a motion to amend pleadings after a scheduling order deadline has passed on the ground that the movant did not request modification of the scheduling order as well. Johnson, 975 F.2d at 608. However, this Court will exercise its discretion to construe the instant motion as a request to modify the scheduling order to allow leave to amend. Cf. id. at 607 (noting "the district court is given broad discretion in supervising the pretrial phase of litigation," including its consideration of the "preclusive effect of a pretrial order").

The facts discovered by Cross-Complainants during Mr. Melgor's deposition constitute good cause for granting leave to amend. There is no indication these facts were known to Cross-Complainants prior to the deposition or that they went unnoticed due to Cross-Complainants' lack of diligence. Cf. id. at 606-09 (finding no good cause to join an additional party where defendant's answer to the complaint and response to interrogatories "amply indicated" potential liability of another entity); In re W. States Wholesale Natural Gas Antitrust Litig., 715 F.3d 716, 737 (9th Cir. 2013) (finding no

---

[1] Defendants also argue that Cross-Complainant FNMA, which is identified as the moving party, is no longer a real party in interest. (Opp'n at 2.) The Court will disregard this argument in light of Cross-Complainants' pending motion to substitute CMC for Fannie Mae in the interpleader action (ECF No. 45), which Defendants do not oppose. (ECF No. 57.)

4

good cause to amend where plaintiff was aware of the facts and theories supporting amendment since the inception of the action). Although it would have been prudent for Cross-Complainants to file their motion immediately following Mr. Melgor's deposition rather than waiting until the deadline for filing non-dispositive motions, see Local Rule 144(d) ("Requests for Court-approved extensions brought on the required filing date for the pleading or other document are looked upon with disfavor."), their two month delay does not reflect the level of carelessness that would defeat a showing of good cause.

### B.     Amendment under Rule 15

Defendants have not argued that Cross-Complainants' proposed amendment would be prejudicial, and the Court finds that no substantial prejudice will result. Additionally, Cross-Complainants have provided a reasonable explanation for their delay in seeking to amend. SAES Getters S.p.A. v. Aeronex, Inc., 219 f. Supp. 2d 1081, 1086 (S.D. Cal. 2002) ("[C]ourts will permit amendment provided the moving party has a reasonable explanation for the delay."). Finally, although Defendants argue that the proposed claim is not factually supported and is time barred, they have not established that the claim is futile. "While courts will determine the legal sufficiency of a proposed amendment using the same standard as applied on a Rule 12(b)(6) motion, such issues are often more appropriately raised in a motion to dismiss rather than in an opposition to a motion for leave to amend." Id. (citations omitted). Thus, leave to amend should be granted "unless it appears beyond doubt" that the proposed claim would be dismissed for failure to state a claim. DCD Programs, Ltd. V. Leighton, 833 F.2d 183, 188 (9th Cir. 1987) (quoting Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).

There being no strong showing of any of the Forman factors, the Court will apply the presumption under Rule 15(a) in favor of granting leave to amend.

## IV.     ORDER

For the reasons stated herein, the Court ORDERS as follows:

1.  Cross-complainants' motion for leave to file a first amended cross-complaint is GRANTED; and

2.  The scheduling order is amended to permit Cross-Complainants to file an amended cross-complaint within ten (10) days of service of this order.

IT IS SO ORDERED.

Dated:  June 27, 2014              /s/ *Michael J. Seng*
                                               UNITED STATES MAGISTRATE JUDGE